# IN THE UNITED STATES COURT OF APPEAL
# FOR THE THIRD CIRCUIT

_____

## NO. 24-2859
_____

JONATHAN VOORHIS,

Appellant,

v.

PATRICK GINKEL,

Appellee.

_____

## BRIEF OF APPELLEE, PATRICK GINKEL
_____

APPEAL FROM THE OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS ENTERED AT CIVIL ACTION NO. 1:23-cv-00090 ON
SEPTEMBER 23, 2024 BY THE HONORABLE RICHARD A. LANZILLO OF
THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

_____

Francis D. Wymard, Esquire
Counsel for Appellee
William J. Ferren & Associates
P.O. Box 2903
Hartford, CT 06104-2903
Phone: (412) 338-3197
Email: fwymard@travelers.com
Pa. I.D. #94749

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

COUNTERSTATEMENT OF JURISDICTION ................................................... 1

COUNTERSTATEMENT OF ISSUES ................................................................ 2

COUNTERSTATEMENT OF THE CASE .......................................................... 3

SUMMARY OF ARGUMENT .............................................................................. 6

ARGUMENT ........................................................................................................... 7

   A.   APPELLANT FAILS TO PROVE THAT APPELLEE DID NOT HAVE
   THE REQUISITE PROBABLE CAUSE ........................................................ 7

CONCLUSION ..................................................................................................... 19

COMBINED CERTIFICATIONS ...................................................................... 20

# TABLE OF AUTHORITIES

Page

Cases

*Anderson v. Mesure*, 394 Fed. Appx. 848, 850 (3d. Cir. 2010) ............................. 12

*Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d. Cir. 1994) ........................... 8

*Burton v. Ziegler*, 2024 WL 1346674, at *5 (W.D. Pa. Mar. 29, 2024) ................ 11

*Chiaverini v. City of Napoleon*, -- U.S. --, 144 S. Ct. 1745, 1750-51 (2024)........... 8

*Collick v. William Paterson Univ*., 2021 WL 2374388, at *7

      (D.N.J. June 10, 2021) ................................................................. 12

*Cooper v. Cit of Philadelphia*, 2016 WL 210459, at *1 (3d. Cir. Jan 19, 2016).... 11

*Commonwealth v. Anneski*, 525 A.2d 373, 376 (Pa. Super. 1987) ........................ 14

*Commonwealth v. Beasley*, 138 A.3d 39, 46 (Pa. Super. 2016) ............................ 14

*Commonwealth v. Crosby*, 226 A.3d 104, 107 (Pa. Super. 2020) ......................... 14

*In re J.H.*, 797 A.2d 260, 263 (Pa. Super. 2002)...................................................... 14

*Commonwealth v. Sewell*, 702 A.2d 570, 572 (Pa.Super.1997) ............................ 12

*DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005).................. 17

*Easton v. City of Bouler*, 776 F.2d 1441, 1449-50 (10th Cir. 1985)....................... 12

*Edwards v. City of Philadelphia*, 860 F.2d 568, 575-76 (3d. Cir. 1988)................. 8

*Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d. Cir. 2020) ........................................ 7

*Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)............................................... 8,16

*Nami v. Fauver*, 82 F.3d 63 (3d. Cir. 1996) .......................................................... 7

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d. Cir. 1994) ........ 7

*Pinkney v. Meadville, Pennsylvania*, 648 F. Supp. 3d 615, 633-34 (W.D. Pa. 2023), aff'd, 95 F.4th 743 (3d. Cir. 2024) ..................................................................... 7, 11

*Sherwood v. Mulvihill,* 113 F.3d 396, 399 (3d Cir. 1997) ...................................... 17

*Wilson v. Russo*, 212 F.3d. 781, 793-795 (3d. Cir. 2000) ................................. 12, 17

*United States v. Jacobs,* 986 F. 2d 1231 (8th Cir. 1993) ........................................ 17

*United States v. Leon,* 468 U.S. 897 (1984) ........................................................... 17

Statutes

42 U.S.C. § 1983 ................................................................................................. 1, 16

28 U.S.C. § 1343 .................................................................................................... 1

28 U.S.C. § 1291 .................................................................................................... 1

18 Pa.C.S. § 2709.1(a)(2) ..................................................................................... 13

18 Pa.C.S. § 2701(a)(3) ........................................................................................ 18

Rules

Federal Rule of Civil Procedure 12 ....................................................................... 12

## COUNTERSTATEMENT OF JURISDICTION

This is an appeal from a final order of the United States District Court for the Western District of Pennsylvania granting Appellee's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (Docket No. 16) relating to Appellant's claim of alleged deprivation of his constitutional rights in violation of the Fourth Amendments to the United States Constitution under 42 U.S.C. § 1983 *et seq.* The trial court had jurisdiction pursuant to 28 U.S.C. § 1343.

The trial court granted Appellee's Motion to Dismiss on September 23, 2024. (Docket No. 37). Appellant timely filed a notice of appeal on October 2, 2024. (Docket No. 38). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## COUNTERSTATEMENT OF ISSUES

A.   DID THE TRIAL COURT CORRECTLY DETERMINE THAT
     APPELLANT'S FOURTH AMENDMENT CLAIMS FAIL AS A
     MATTER OF LAW?

     ANSWER: YES.

## COUNTERSTATEMENT OF THE CASE

*Pro se* Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* on March 27, 2023. (Docket No. 1). The trial court granted the Motion for Leave and the Complaint was docketed on May 17, 2023. (Docket Nos. 4 and 5). The Complaint challenged the credibility of the evidence in the underlying criminal proceedings against Plaintiff and alleged that City of Erie Detective Patrick Ginkel fabricated and/or falsified various information underlying the criminal charges filed against Plaintiff as a result of a road rage incident that occurred on October 21, 2021. Specifically, Plaintiff alleged that Detective Ginkel acted with the intention of falsely imprisoning him, to his catastrophic detriment. (Docket No. 5).

In response to Plaintiff's Complaint, Detective Ginkel filed a Motion to Dismiss for Failure to State a Claim, with accompanying brief, on September 20, 2023. (Docket No. 16). Plaintiff filed a Response to the Motion to Dismiss on October 11, 2023 (Docket No. 19), and Detective Ginkel files a Reply on October 20, 2023. (Docket No. 20). The trial court granted the Motion to Dismiss on September 23, 2024. (Docket No. 37).

*Pro se* Appellant appealed the trial court's order in favor of Detective Ginkel, along with a request to proceed *in forma pauperis*, which this Court granted. Appellant's claims against Detective Ginkel are without merit as was determined correctly by the trial court.

<u>COUNTERSTATEMENT OF FACTS</u>

Appellee, Patrick Ginkel has been employed with the City of Erie Police Department since 2009. He is currently a sergeant detective, and he was a detective on the date of the incident that gives rise to the underlying lawsuit. As part of his duties, he investigated a reported road rage incident involving Appellant and another driver, Laura Logue that occurred on October 21, 2021. Appellee did not know either of the drivers prior to his investigation. His investigation of the incident included speaking to the responding officer, Patrolman D. Rounds; speaking to the victim, Ms. Logue on a number of occasions and obtaining a written statement of the incident from her; taking a video recorded interview of Ms. Logue; showing Ms. Logue a photo array, where Ms. Logue positively identified Appellant; reviewed a photograph of Appellant's vehicle that was taken by Ms. Logue and running the identifying information through NCIC; canvasing the area where the incident occurred; reaching out to Appellant, who declined to meet with Detective Ginkel and claimed he was not involved in the incident; obtaining and reviewing video surveillance footage of the underlying incident, that was captured by two (2) local businesses; and speaking to the Pennsylvania State Parole agent, Beth Servidio who supervised Appellant.

Following the thorough investigation, Detective Ginkel spoke to Erie County Assistant District Attorney Gregory Reichart, who recommended that

Detective Ginkel file a criminal complaint and affidavit of probable cause charging Appellant with terroristic threats, stalking and simple assault. These charges were approved by a Pennsylvania magisterial district judge. A preliminary hearing was held in front of a Magisterial District Judge Timothy Beveridge on March 3, 2022, and the charges were bound over for trial in the Court of Common Pleas of Erie County.

The District Attorney's Office subsequently amended the criminal complaint to drop the original charges and proceeded to trial on three (3) counts of disorderly conduct. This was not done because the Commonwealth did not believe it could prove its case at trial. This was done at the request of Ms. Logue, who did not want to have to sit through/participate a jury trial.

The case proceeded to a bench trial in front of the Honorable John Mead, where Ms. Logue and Detective Ginkel testified. At the close of the trial, Appellant was convicted at Docket No. CP-25-CR-0000529-2022 of two (2) counts of disorderly conduct.

Appellant then filed the Complaint, which commenced the subject proceedings.

## SUMMARY OF ARGUMENT

Appellant makes various claims that his federal constitutional rights were violated by Detective Ginkel's actions. However, the trial court correctly determined the allegations and Appellant's mischaracterization of the same are insufficient to state a claim under the Fourth Amendment for false arrest, false imprisonment and malicious prosecution. Not only did Detective Ginkel clearly perform a thorough investigation to support the criminal charges that he filed against Appellant, but it is clear that Detective Ginkel had sufficient probable cause to charge Appellant, especially given that an impartial Assistant District Attorney and Magisterial District Justice both agreed that the charges filed by Detective Ginkel against Appellant were appropriate. Further, not only was Appellant convicted of criminal offenses stemming from the underlying incident that gives rise to this action, but the Pennsylvania Superior Court upheld the conviction.

## ARGUMENT

## STANDARD OF REVIEW

The claims at issue in this appeal were dismissed pursuant to Rule 12(b)(6). The scope and standard of review of the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is plenary. *Nami v. Fauver*, 82 F.3d 63 (3d. Cir. 1996). The question is not whether the plaintiff will ultimately prevail but whether he or she is entitled to submit evidence to support the claims. *Nami*, 82 F.3d at 65. While the focus in reviewing a motion to dismiss for failure to state a claim is on the pleadings, a reviewing court may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d. Cir. 1994).

### A. APPELLANT FAILS TO PROVE THAT APPELLEE DID NOT HAVE THE REQUISITE PROBABLE CAUSE

When looking at the pleadings, along with other documents and video evidence that are part of the record of the case, Appellant's Fourth Amendment claims of false arrest, false imprisonment and malicious prosecution against Detective Ginkel must fail because the arrest of Appellant by Detective Ginkel and the subsequent prosecution of Appellant were supported by probable cause. As the trial court noted, the absence of probable cause is an essential element of each of Appellant's claims. *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d. Cir. 2020); *Pinkney*

*v. Meadville, Pennsylvania*, 648 F. Supp. 3d 615, 633-34 (W.D. Pa. 2023), aff'd, 95 F.4[th] 743 (3d. Cir. 2024). With respect to Appellant's false arrest and false imprisonment claims, the trial court correctly found that these claims must fail if probable cause existed "as to any offense that could be charged under the circumstances." *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d. Cir. 1994) (citing *Edwards v. City of Philadelphia*, 860 F.2d 568, 575-76 (3d. Cir. 1988)). Following a non-jury trial that was held on February 6, 2023, in the Court of Common Pleas of Erie County, Pennsylvania at CP-25-CR-0000529-2022, Appellant was found guilty of two (2) counts of disorderly conduct. Appellant appealed the criminal convictions to the Superior Court of Pennsylvania at 341 WDA 2023 and the convictions were affirmed on December 27, 2023. Appellant filed various Motions for Reconsideration with the Superior Court, all of which were denied. As such, Appellant's false arrest and false imprisonment claims must fail as a matter of law.

With respect to the remaining malicious prosecution claim, the presence of probable cause for one charge does not automatically defeat a Fourth Amendment malicious prosecution claim alleging the lack of probable cause for another charge. *See Chiaverini v. City of Napoleon*, -- U.S. --, 144 S. Ct. 1745, 1750-51 (2024), *see also Johnson v. Knorr*, 477 F.3d 75, 83 (3d. Cir. 2007). The trial court performed a thorough charge-by-charge analysis of whether the facts and circumstances within

Detective Ginkel's knowledge were sufficient to warrant a reasonable belief that Appellant committed each offense. The trial court correctly found that the facts set forth in the affidavit of probable cause prepared by Appellee supported each element of the offenses charged. (Docket No. 36, Exhibit "B"). Specifically, the trial court compared the factual statements in Appellee's affidavit of probable cause with the recorded statement of the victim and the surveillance videos of the road rage incident and found that Detective Ginkel's factual summary was complete and accurate in all material aspects.

Appellant's brief claims that the trial court incorrectly found that Detective Ginkel neither misstated or omitted any material information from the investigation, and also incorrectly found that the facts stated in the affidavit of probable cause support each element of the offenses charged in the criminal complaint. However, for all intents and purposes, Appellant simply argues it is his opinion that the trial court could not have reached the decision it did. On three (3) separate occasions in his brief, Appellant states that for the trial court to have reached a certain finding, the court would have had to do a certain thing. Specifically, Appellant claims that the third-party surveillance video did not show him putting his hands in and out of his pockets. However, the video does show that. Appellant further claims that Ms. Logue identified another suspect as the perpetrator, which she did not. Lastly, Appellant claims that because Ms. Logue did not call 911 until 12 minutes after the

initial road rage incident, that somehow negates Detective Ginkel's probable cause.

While Appellant may not be happy with the trial court's sound review and ruling, Appellant is not in a position to determine how the trial court reached its conclusions, as said conclusions are set forth in depth, with supporting caselaw, in the September 23, 2024 Memorandum Opinion on Appellee's Motion to Dismiss. (Docket No. 37).

Appellant argues the following in his brief: (1) the pretrial identification was unduly suggestive; (2) there was no probable cause for the stalking charge; (3) there was no probable cause for the terroristic threat charge; (4) there was no probable cause for the simple assault charge; (5) there was no probable cause for the disorderly conduct charge; and (6) the victim was unreliable.

As an initial matter, Appellant's claim that there was no probable cause for the disorderly conduct charge cannot be correct. Appellant was found guilty at trial of two (2) counts of disorderly conduct and the conviction was affirmed on appeal. As it relates to Appellant's claim that the pretrial identification was unduly suggestive, that is an issue that should have been addressed in a pretrial suppression motion and this court is not here to make that determination now. Further, the victim took a photograph of the other vehicle involved in the incident at the time of the incident. The silver Volvo sedan, Pennsylvania registration LSN 4776 came back to Appellant. The victim then described the aggressor to Detective Ginkel and the

description matched Appellant's drivers' license photograph. Additionally, the victim positively identified Appellant as the aggressor in a photo array. Lastly, the victim positively identified Appellant at both the preliminary hearing and trial as the aggressor. Therefore, there was no issue with the identification of Appellant by the victim at any stage of the criminal proceedings.

Regarding the charges of stalking, terroristic threats and simple assault, the trial court compared the factual statements in Detective Ginkel's affidavit of probable cause with the recorded statement of the victim and the surveillance videos of the road rage incident and found that Detective Ginkel's factual summary neither misstated nor omitted any material information from the investigation. Appellant simply disputes portions of the victim's version of the road rage incident. However, what was said by Appellant and Ms. Logue was a question for the trier of fact at the underlying criminal trial and does not negate what information Detective Ginkel knew as he was preparing the affidavit of probable cause to support the criminal complaint. As the trial court correctly found, statements from an eyewitness or victim are "typically sufficient to establish probable cause in the absence of '[i]ndependent exculpatory evidence or substantial evidence of [a] witness's own unreliability that outweigh[s]' the probable cause that otherwise exists. *Cooper v. Cit of Philadelphia*, 2016 WL 210459, at *1 (3d. Cir. Jan 19, 2016). *See also Burton v. Ziegler*, 2024 WL 1346674, at *5 (W.D. Pa. Mar. 29, 2024); *Pinkney*, 648 F. Supp.

3d. at 635. Police officers can "generally assume that victims are credible, because their motive is ostensibly a concern for their or others' safety" and because victims are presumed to have sufficient knowledge, given that the crime happened to them." *Collick v. William Paterson Univ.*, 2021 WL 2374388, at \*7 (D.N.J. June 10, 2021) (citing *Easton v. City of Bouler*, 776 F.2d 1441, 1449-50 (10th Cir. 1985). Because the standard for probable cause is relatively low, and the evaluation of a victim's statement is typically addressed in proceedings following an arrest, the reliability and foundational basis of a victim's statement are usually adequate to establish probable cause. *Wilson v. Russo*, 212 F.3d. 781, 793-795 (3d. Cir. 2000).

As the trial court correctly found, Appellant's attempt to identify what essentially amounts to immaterial discrepancies, do not negate the overwhelming evidence that establishes that the totality of the circumstances known to Detective Ginkel at the time he drafted the affidavit of probable cause to support each of the three (3) charges against Appellant and his subsequent arrest and that the trial court's dismissal of the malicious prosecution claim because probable cause existed to initiate criminal proceedings was correct. *See Anderson v. Mesure*, 394 Fed. Appx. 848, 850 (3d. Cir. 2010).

With respect to the stalking charge independently, Appellant references *Commonwealth v. Sewell*, 702 A.2d 570, 572 (Pa.Super.1997), which is a case involving a criminal defendant who was charged with loitering and prowling and

harassment, neither of which Appellant was charged with in the underlying criminal matter. Appellant goes on to simply argues that "there is no common sense in bringing forth charges of stalking against the person who is being followed." This statement is wholly inconsistent with the information that Detective Ginkel was provided as it relates to the underlying road rage incident. Appellant also claims that the evidence did not show his conduct as being non-legitimate in nature. It is difficult to see how Appellant's conduct, from getting out of his vehicle and approaching the driver's side window of the vehicle that was stuck behind him at a stop light and then threatening the other driver followed by driving to the residence where the other driver went after the initial incident could be described as legitimate in nature. Further, pursuant to 18 Pa.C.S. § 2709.1(a)(2), a person commits the crime of stalking when the person engages in a course of conduct or repeatedly communicates to another person under circumstances which demonstrate or communicate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person. The affidavit of probable cause, which was drafted in part based on Detective Ginkel's conversation with the victim, Ms. Logue states that she drove to her destination after the initial road rage incident, at which point, Appellant continued to drive by the residence, pointing and yelling "fuck you". This ongoing course of conduct clearly at least caused Ms. Logue substantial emotional distress.

Regarding the terroristic threat charge, Appellant argues that pursuant to *Commonwealth v. Anneski*, 525 A.2d 373, 376 (Pa. Super. 1987), this crime is not intended to penalize mere spur of the moment threats. To sustain a conviction for Terroristic Threats, "the Commonwealth must prove that 1) the defendant made a threat to commit a crime of violence, and 2) the threat was communicated with the intent to terrorize another or with reckless disregard for the risk of causing terror." *Commonwealth v. Beasley*, 138 A.3d 39, 46 (Pa. Super. 2016) (citations omitted). "The Commonwealth does not have to prove that the defendant had the ability to carry out the threat or that the threatened individual believed the defendant would carry out the threat, as neither is an element of the offense." *Commonwealth v. Crosby*, 226 A.3d 104, 107 (Pa. Super. 2020), *appeal denied*, 236 A.3d 1056 (Pa. 2020). Rather, the statute seeks to prevent the psychological distress that follows from an invasion of another's sense of personal security. *Beasley*, 138 A.3d at 46. The Court has repeatedly held that just because a person is angry does not render them incapable of forming the intent to terrorize. *In re J.H.*, 797 A.2d 260, 263 (Pa. Super. 2002); *Crosby*, 226 A.3d at 107. "Rather, this Court must consider the totality of the circumstances to determine whether the threat was a result of a heated verbal exchange or confrontation." *Crosby*, 226 A.3d at 107.

In this case, the affidavit of probable cause states that Appellant exited his vehicle and walked up to the victim's car and called the victim a "stupid bitch" and

threatened to "fuck (her) up" and "fucking kill (her)" while repeatedly putting his hands in his pockets and pulling them out again. Then, after the victim got to her final destination, her mother's residence, Appellant continued to drive by the residence. while pointing at the victim and yelling "fuck you". Additionally, the victim told Detective Ginkel that she feared for her own safety, as well as the safety of her mother, her sister and her sister's three (3) children. Based on the totality of the circumstances, this was clearly more than just a spur of the moment threat. Appellant got out of his vehicle and made threats to the victim and then got back in his vehicle and appears to have followed the victim to her destination where additional hand gestures and comments were made by Appellant toward the victim. Moreover, Appellant argues that "one cannot look at this situation 'in a vacuum', but must consider all of the circumstances surrounding the incident. Detective Ginkel could not agree more. After reviewing the totality of the circumstances, where Appellant was the initial aggressor and then continued his illegitimate conduct for a period of time, it is clear that Detective Ginkel had the requisite probable cause to charge Appellant with Terroristic Threats. Lastly, Appellant claims that he tried to remove himself from the situation but was unable to do so because the victim followed him. This is inconsistent with all of the evidence and when Appellant suggests in his Brief that the victim is unreliable, the reality is that Appellant is the one who should not be believed.

Specific to the simple assault charge pursuant to 18 Pa.C.S. § 2701(a)(3) a person is guilty of assault under this subsection if he attempts by physical menace to put another in fear of imminent serious bodily injury. Again, Detective Ginkel was not present for the road rage incident himself. He was provided with a recorded statement from the victim that was corroborated by video footage that Appellant was threatening to kill the victim and instead of just letting it go after the initial interaction, Appellant continued his criminal activity for a lengthy period of time. The trial court correctly stated that Appellant's physical conduct described by the victim and shown on the surveillance video support a reasonable belief that Appellant physically menaced the victim and this conduct, coupled with Appellant's threat to harm or even kill the victim, fully support a reasonable belief that Appellant acted with the intent to place the victim in fear of imminent serious bodily injury.

Moreover, as it relates to Appellant's malicious prosecution claim, in order to state a Section 1983 malicious prosecution action, a plaintiff must properly allege the following five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir.

2007) (citing *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005).

Appellant is unable to establish that Detective Ginkel acted maliciously or for a purpose other than bringing the plaintiff to justice. Detective Ginkel did not know any of the individuals involved in the road rage incident and for all intents and purposes, he was just doing his job investigating potential criminal acts and as such, Appellant cannot meet this burden to establish a claim for malicious prosecution in this case.

Lastly, in order to prove the absence of probable cause in a prosecution initiated by a judicially-approved warrant, Appellant must allege facts that the affiant made statements or omissions within the affidavit of probable cause that the affiant "knew [were] false, or would have known [were] false except for his reckless disregard for the truth." *Wilson v. Russo,* 212 F.3d 781, 787 (3d Cir. 2000) (citing *United States v. Leon,* 468 U.S. 897 (1984)). Omissions are made with "reckless disregard" if an officer "withholds a fact in his ken that "[a]ny reasonable person would have known that this was the kind of thing the judge would wish to know." *Wilson,* 212 F. 3d at 788 (citing *United States v. Jacobs,* 986 F. 2d 1231 (8th Cir. 1993)). Additionally, to defeat probable cause, an omission must have been "material, or necessary," to the finding of probable cause." *Wilson,* 212 F.3d at 789 (citing *Sherwood v. Mulvihill,* 113 F.3d 396, 399 (3d Cir. 1997)). Again, Appellant has failed to meet his burden. While he makes various statements in his

Brief, most if not all of the statements are denied by Detective Ginkel. Further, as correctly found by the trial court, the statements are not material and they do not rise to the level necessary to prove that Detective Ginkel, an unbiased investigating law enforcement agent acted with reckless disregard.

<u>CONCLUSION</u>

Appellant fails to point to any errors of fact or errors of law made by the trial court as he has failed to establish that the trial court incorrectly found that probable cause existed to defeat Appellant's Fourth Amendment false arrest, false imprisonment and malicious prosecution claims against Appellee, Detective Ginkel. As such, the trial court was correct in dismissing Appellant's cause of action and the decision should be affirmed.

Respectfully submitted,

William J. Ferren & Associates

By: /s/ Francis Wymard
    FRANCIS D. WYMARD, ESQUIRE
    PA I.D. #94749
    E-Mail: fwymard@travelers.com

    William J. Ferren & Associates
    P.O. Box 2903
    Hartford, CT 06104-2903
    Phone: (412) 338-3197

COMBINED CERTIFICATIONS

CERTIFICATE OF BAR MEMBERSHIP

I hereby certify that I am a member in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

By: /s/ Francis Wymard
FRANCIS D. WYMARD, ESQUIRE

CERTIFICATE OF WORD COUNT

I hereby certify that this brief is in compliance with the page limitation and consists of 4,577 words exclusive of the Table of Contents, Table of Authorities, and certificates.

By: /s/ Francis Wymard
FRANCIS D. WYMARD, ESQUIRE

CERTIFICATE OF IDENTICAL COMPLIANCE OF BRIEFS

I hereby certify that the e-brief and hard copies of the brief are identical.

By: /s/ Francis Wymard
FRANCIS D. WYMARD, ESQUIRE

CERTIFICATE OF VIRUS CHECK

I hereby certify that a virus check was performed on the e-brief utilizing Viper anti-virus software.

By: /s/ Francis Wymard
FRANCIS D. WYMARD, ESQUIRE